# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Isaias Agustin Borja,<br><br>Petitioner,<br><br>v.<br><br>Luis Rosa, Jr.,<br><br>Respondent. | No. CV-26-03307-PHX-KML (ASB)<br><br>**ORDER** |

This court previously granted a habeas petition filed by petitioner Isaias Agustin Borja requesting a bond hearing. *See Borja v. Rosa et al.*, 26-cv-00414-KML-ASB, Doc. 6 (D. Ariz. Feb. 13, 2026). In May 2026, Borja filed a second habeas petition and then amended that petition. (Docs. 1, 5.) The amended petition asserts three claims under the Fifth Amendment: (1) that Borja's detention since February 25, 2025, "without a custody redetermination hearing" violates due process; (2) that his detention violates due process (and the Immigration and Nationality Act) because his removal is not reasonably foreseeable while he waits for a merits decision from the Board of Immigration Appeals ("BIA"); and (3) that his due process rights were violated when, at a February 19, 2026 hearing, the immigration judge ("IJ") erroneously denied him bond "claiming lack of jurisdiction."[1] (Doc. 5 at 6-8.)

Respondents filed a response arguing, and providing evidence showing, Borja

---

[1] Borja also raised a fourth claim alleging unconstitutional conditions of confinement (Doc. 5 at 9), but the court dismissed it in a prior order because those claims are not cognizable in a habeas petition (Doc. 6 at 2).

received a bond hearing on March 16, 2026 pursuant to the court's order granting his previous habeas petition. (Docs. 12 at 2; 12-2 at 2-5.) The response attached the IJ's order denying bond because the facts of Borja's previous criminal conviction for Extreme Driving Under the Influence ("DUI") showed he presents a danger to the community. (Doc. 12-2 at 2-4.) Although the IJ noted the burden of proving lack of flight risk and danger had been on Borja at that March 2026 hearing, he also cited a prior March 2025 order from Massachusetts Immigration Court denying bond on danger grounds where the Department of Homeland Security had borne the burden, and noted he would have denied bond based on danger even if the burden had been shifted. (Doc. 12-2 at 2-4.) Respondents also argued that because Borja does not yet have a final order of removal, *Zadvydas v. Davis*, 533 U.S. 678 (2001)—the case undergirding Count 2 of Borja's petition—does not apply. (Doc. 12 at 2.) Borja's reply argues, without citing any cases, that some courts have applied *Zadvydas* to detention before a final order of removal. (Doc. 14 at 2.) Borja also claims he has been "[r]ehabilitated" after his Extreme DUI conviction and "misse[s] his family terribly." (Doc. 14 at 3.)

Borja has not met his burden of showing he is entitled to a writ of habeas corpus. *See Lambert v. Blodgett*, 393 F.3d 943, 969 n.16 (9th Cir. 2004) ("In . . . federal habeas proceedings, it is the petitioner who bears the burden of proving his case."). Counts 1 and 3 of Borja's petition depend on the theory that he either has not had a bond hearing or that bond was erroneously denied because the IJ found a lack of jurisdiction. (Doc. 5 at 6, 8.) Respondents' evidence shows neither is true: Borja received a bond hearing at which the IJ found jurisdiction based on this court's prior habeas order and then explained, based on record evidence, why he found Borja to be a danger. (Doc. 12-2 at 2-3.) Borja's reply does not undermine that bond denial in any way this court can remedy. *See Martinez v. Clark*, 124 F.4th 775, 785 (9th Cir. 2024) (affirming district court's denial of habeas relief where there were no "red flags" in BIA's bond decision because, under abuse of discretion review, courts cannot "reweigh" evidence properly considered in the immigration system). Count 2 of Borja's petition similarly fails because *Zadvydas* does not apply where, as here, there

is no final order of removal. *See Demore v. Kim*, 538 U.S. 510, 527-28 (2003). Accordingly, the amended petition for a writ of habeas corpus is **DENIED**.

**IT IS ORDERED** the amended petition for writ of habeas corpus (Doc. 5) is **DENIED**. The Clerk of Court shall enter judgment in favor of respondents and close this case.

Dated this 24th day of July, 2026.

Honorable Krissa M. Lanham
United States District Judge